**Robert E. GABRIEL, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 83–7278
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

Margie K. Carnes, Gadsden, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Robert Gabriel appeals the district court's affirmance of the denial of Social Security disability benefits. 42 U.S.C.A. §§ 416(i), 423.

Mr. Gabriel is a forty-seven (47) year-old man with a seventh grade education. His past work includes laborer at a pipe shop, electrician's helper, and pipe molding fitter. Gabriel filed for benefits alleging disability due to surgery for a ruptured disc and high blood pressure. The medical evidence showed that claimant underwent a laminotomy and diskectomy at L–5, S–1 on the left. The claimant continued to be treated conservatively for his back and leg pain from the time of that operation until the time he quit work in 1981. From June 10, 1981 through June 23, 1981, the claimant was hospitalized for in-patient conservative care. He was treated at that time for recurrent lumbar disc syndrome and alcohol withdrawal syndrome.

Gabriel contends the finding that he could do sedentary work is not supported by the record because the claimant would have to sit and stand at his own option. Claimant testified that he could probably sit for about 45 minutes and stand for an hour without having pain. Claimant contends this limitation precludes a wide range of sedentary work necessitating vocational expert testimony. In our judgment this restriction is not enough to warrant testimony from a vocational expert, however, and the finding that claimant has the residual functional capacity to do a wide range of sedentary work is supported by substantial evidence.

Gabriel contends the application of the Medical Vocational Guidelines was error because the effect of his alcohol abuse was not considered. The only documented medical evidence of an alcohol problem is in the in-patient treatment report. Dr. Veach reported that claimant "has also been on an alcohol binge for about two weeks", and shows signs of pending DT's. The medical impression was alcoholism, acute and chronic. Subsequently, however, claimant testified at the hearing, nine months later, that he had not drank since "before he went in the hospital." Accordingly, the administrative law judge's decision not to give weight to an alcohol problem is supported by substantial evidence. Except as to the age component, the Medical Vocational Guidelines were properly applied. *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), holds that the grid regulations properly provide administrative notice of jobs available in the economy.

In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz*, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to*, 711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir.1983), we held that the Secretary could not use the grids that she had adopted concerning age to establish conclusively a claimant's ability to adapt. In *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984), we explained how the Secretary could use the age grids in establishing the claimant's ability to adapt. The evidentiary determination we outlined in *Reeves* has not been made in this case. The record shows the ALJ applied the age grids in a mechanical fashion. On remand the district court should give Gabriel the opportunity to make a proffer of evidence on his ability to adapt. If Gabriel makes a proffer of substantial evidence that an ALJ could find credible and tending to show that the claimant's ability to adapt to a new work environment is less than the level established under the grids for persons his age, the

district court shall remand the case to the Secretary and direct that the Secretary reconsider the age/ability to adapt issue. If the claimant fails to make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the Secretary on this issue.

VACATED and REMANDED.